# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HASAAN HATCHER, : | |
|         Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 14-1022 |
| NANCY GIROUX, et al., : | |
|         Defendant. : | |

## MEMORANDUM OPINION

**RUFE, J.**                                                                                                                                                                                                 **May 29, 2015**

      Petitioner Hasaan Hatcher, proceeding *pro se*, is a Pennsylvania state prisoner convicted of aggravated assault and criminal conspiracy and sentenced to a term of ten to twenty years of imprisonment. Petitioner has filed objections to the Report & Recommendation ("R&R") of United States Magistrate Judge Linda K. Caracappa, which recommends that Mr. Hatcher's petition pursuant to 28 U.S.C. § 2254 (the "Petition") be denied as procedurally defaulted.

## I.     FACTUAL AND PROCEDURAL HISTORY

      Mr. Hatcher's objections relate to the testimony of Macy Suarez, an eyewitness, at his jury trial in the Philadelphia Court of Common Pleas. In the course of litigating a motion in limine, the Commonwealth represented that Ms. Suarez had not identified Mr. Hatcher before trial. At trial, Ms. Suarez identified Mr. Hatcher over the objections of Mr. Hatcher's counsel and Mr. Hatcher's counsel moved for a mistrial, which was denied.

      Through his counsel, Mr. Hatcher filed post-sentence motions in the trial court and appealed the denial of those motions to the Superior Court of Pennsylvania. On appeal, Mr. Hatcher raised three claims: 1) a mistrial was improperly denied because the Commonwealth had stated that Ms. Suarez would not be identifying Mr. Hatcher; 2) a mistrial should have been granted because Matthew Glazer, another Commonwealth witness, insinuated that Mr. Hatcher

was a violent felon; and 3) the trial court had provided insufficient reasons for an upward variance from the Pennsylvania sentencing guidelines in Mr. Hatcher's case. The Superior Court rejected Mr. Hatcher's claims and the Pennsylvania Supreme Court denied *allocatur* on October 10, 2013. Mr. Hatcher has never filed a petition for state collateral review pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").[1]

On February 12, 2014, Mr. Hatcher timely filed the Petition in this Court. The Petition raises three claims: 1) the admission of Ms. Suarez's in-court identification of Mr. Hatcher was "so unnecessarily suggestive and conducive to irreparable identification [sic] as to deny accused due process" and Ms. Suarez's identification was otherwise unreliable;[2] 2) Mr. Glazer's testimony that he worked in the Repeat Offenders Unit was so prejudicial as to deny Mr. Hatcher due process; and 3) at sentencing the trial court illegally imposed an upward deviation from the Pennsylvania sentencing guidelines on Mr. Hatcher. On August 27, 2014, the Commonwealth filed a memorandum informing Mr. Hatcher that he retained the ability to file a PCRA petition and that the Commonwealth would not object to allowing Mr. Hatcher to complete the PCRA process prior to the adjudication of the Petition in federal court. Mr. Hatcher responded that he preferred to proceed in federal court rather than pursuing PCRA review.

The R&R determined that Mr. Hatcher had failed to fairly present his federal claims on direct appeal and that because the time for PCRA review had elapsed, Petitioner's claims were procedurally defaulted and therefore the Petition should be denied. Mr. Hatcher filed objections only as to the due process claim regarding the testimony of Ms. Suarez, arguing that it was fairly presented on direct appeal for two reasons: 1) Petitioner's brief to the Superior Court relied upon state cases employing constitutional analysis in like fact situations and asserted his claim in

---

[1] 42 Pa. C.S.A. § 9541 *et seq.*

[2] Pet. at 6A.

terms so specific as to call to mind a constitutional right; and 2) the trial court and the Superior Court cited Pennsylvania cases that in turn cite federal case law on the due process clause. Neither argument had been made before the R&R was issued and therefore the R&R did not consider them.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a habeas petition is referred to a magistrate judge for a Report and Recommendation, any party may file and serve objections to the R&R. The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made."[3] The district court may, in its discretion, choose to review *de novo* any uncontested portions of the R&R as well.[4]

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2254(b), a habeas petitioner must exhaust all of his state court remedies before the federal courts may hear his petition. Exhaustion requires a petitioner to have "fairly presented"[5] his claims to "one complete round of the state's established appellate review process."[6] In order to fairly present his claims, the petitioner must "present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted";[7] the "mere similarity" of the federal claims to issues presented

---

[3] 28 U.S.C. § 636(b)(1).

[4] *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

[5] *Santana v. Fenton*, 685 F.2d 71, 73-74 (3d Cir. 1982) (internal quotation omitted).

[6] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[7] *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (internal quotation omitted).

3

in state court is insufficient.[8] A petition may place the state courts on notice of a federal constitutional claims without explicitly citing the federal constitution by "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation."[9]

When a petitioner is no longer able to exhaust his claims because he has failed to comply with state procedural rules, such as failure to timely appeal, the petitioner's claims are said to be procedurally defaulted.[10] Although the federal courts generally may not hear defaulted claims, procedural default may be excused upon a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "failure to consider the [defaulted] claims will result in a fundamental miscarriage of justice."[11]

The brief filed by Mr. Hatcher's counsel in the Superior Court did not expressly raise a federal claim nor use the words "due process." Petitioner contends that his counsel's brief nevertheless put the Superior Court on notice of his due process claim because 1) the brief relied upon state cases employing constitutional analysis in like fact situations and 2) the brief asserted his claims in terms so specific as to call to mind a constitutional right. The brief cites two state cases regarding the testimony of Ms. Suarez – *Commonwealth v. Metzer*[12] and *Commonwealth v.*

---

[8] *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

[9] *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) (internal quotations omitted).

[10] *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[11] *Id.* at 750.

[12] 634 A.2d 228 (Pa. Super. Ct. 1993).

*Padilla*[13] – neither of which engages in any constitutional analysis whatsoever. Thus, the brief did not rely upon state cases employing constitutional analysis in like fact situations.

The brief also did not state the due process claim in terms sufficiently particular to call to mind a constitutional right because the claim raised in the brief with regard to Ms. Suarez's testimony is fundamentally different from the claim raised in the Petition. The brief argued that Ms. Suarez's in-court identification constituted surprise that prejudiced his defense because Mr. Hatcher's trial strategy was to emphasize the lack of disinterested eyewitness testimony.[14] In the Petition, however, Mr. Hatcher contends that the in-court identification procedure was unconstitutional because it was unnecessarily suggestive, created a substantial risk of misidentification and was otherwise unreliable.[15] This claim of an unconstitutional identification procedure is unrelated to any surprise that Mr. Hatcher may have suffered and therefore the brief does not call to mind the due process claim raised in the Petition.

Mr. Hatcher also contends that his claims were fairly presented to the state courts because the trial court and the Superior Court cited state cases that in turn cited federal case law on the due process clause. This contention is plainly insufficient to establish fair presentation. Because Mr. Hatcher's claims have not been fairly presented to the state courts and the time for state collateral review has elapsed, the claims are procedurally defaulted.

Mr. Hatcher has not shown any cause for his default other than his own decision not to pursue PCRA review despite the opportunity to do so. Because the state courts did not have the opportunity to address Mr. Hatcher's due process claim regarding Ms. Suarez, and Petitioner has

---

[13] 923 A.2d 1189 (Pa. Super. Ct. 2007).

[14] Exh. A to Response at 12-13.

[15] *See* Pet. at 6A.

offered no explanation for his failure to present the claim in state court, the default is not excused.

## IV. CONCLUSION

For the reasons stated above, the Petition will be denied. Petitioner has also filed a motion to require the Commonwealth to produce additional trial transcripts. Because the claims raised are procedurally defaulted, there is no need for the transcripts and that motion will be denied. In addition, Petitioner has made no "substantial showing of the denial of a constitutional right," and is therefore not entitled to a certificate of appealability.[16]

An appropriate order follows.

---

[16] 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).